IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARA KIMBROUGH**,<br><br>   Plaintiff,<br><br>   v.<br><br>**BUCKS COUNTY, et al.**,<br><br>   Defendants. | **CIVIL ACTION**<br><br>**NO. 24-4470-KSM** |

## ORDER

**AND NOW**, this 19th day of February 2025, upon consideration of Defendants' unopposed motion for a protective order (Doc. No. 15), it is **ORDERED** as follows:

1. A "party seeking a protective order over discovery material must demonstrate that good cause exists for the order." *In re Avandia Mktg. Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (internal quotations omitted). Indeed, "[p]rotective orders stipulated between the parties are not guaranteed judicial approval" and "must still meet the requirements" of Federal Rule of Civil Procedure 26(c), "which requires demonstrating the existence of confidential information and good cause as to why such information should not be disclosed." *Sprinturf, Inc. v. Sw. Recreational Indus., Inc.*, 216 F.R.D. 320, 323 (E.D. Pa. 2003).

2. "Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure," and the injury "must be shown with specificity." *In re Avandia*, 924 F.3d at 671 (internal quotations omitted). In determining whether good cause exists, courts consider: (1) whether the disclosure will violate any privacy interests; (2) whether disclosure of the information will cause a party embarrassment; (3) whether the information is being sought for a legitimate purpose or for an improper purpose; (4) whether the sharing of information

among the litigants will promote fairness and efficiency; (5) whether confidentiality is being sought over information important to public health and safety; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.  *Id.* at 671–72.

      3.    In their motion, Defendants argue that a protective order is needed to prevent the public disclosure of the Bucks County Department of Corrections Standard Operating Procedures and Guidelines.  (Doc. No. 15-2 at 4.)  These Guidelines establish the intake and screening procedures for new inmates and give guidance to correctional officers about how to conduct searches, respond to security situations, and put an inmate on special confinement status.  (*Id.*)  Defendants say these Guidelines "are not publicly available" and argue that their public disclosure would jeopardize the safety and security of the Bucks County Correctional Facility ("BCCF").  (*Id.*)

      4.    The Court finds that Defendants have shown good cause for a protective order.[1]  To begin, the public disclosure of these Guidelines could pose a legitimate risk to prison security.  *See Melendez v. Steberger*, No. 2:20-CV-02635-JDW, 2022 WL 2239959, at *2 (E.D. Pa. June 22, 2022) (sealing a portion of a prison policy that dealt with the "inspections of cells and common areas" because "[i]nmates who know how often and where [correctional officers] will search each shift might be more able to evade those searches and pose a risk to prison

---

[1] Though the Court has found good cause for a protective order, it reminds Defendants that any motion to seal must meet the standards set forth in *In re Avandia*, 924 F.3d at 662.  Broad allegations of harm are insufficient to seal documents.  *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).  And under Third Circuit precedent, this Court must conduct **"a document-by-document review"** of each document that Defendants wish to seal.  *In re Avandia*, 924 F.3d at 673 (internal quotations omitted) (emphasis added).  Plus, "where possible, parties should propose redactions, rather than placing a whole document under seal."  *Del Nero v. NCO Fin. Sys., Inc.*, No. 2:06-CV-04823-JDW, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021).

security as a result"); *Eggleston v. Mitchell*, No. 1:12-CV-1220, 2013 WL 5351053, at *2 (M.D. Pa. Sept. 23, 2013) (concluding that "the disclosure of information" relating to institutional security "would undermine the safety and security of DOC facilities"). Next, these Guidelines are being sought for a legitimate reason as they are important to this lawsuit. Last, the production of these Guidelines will promote fairness and efficiency during discovery.

       5. On the other side of the scale, the Court notes that the party benefitting from this order of confidentiality is a public entity—Bucks County. Plus, this case involves important issues to the public, such as jail security, understaffing, mismanagement, and First Amendment speech. So, these two factors weigh in favor of disclosing these Guidelines.

       6. Having weighed the public and private interest factors, the Court finds that good cause exists for entering the unopposed protective order because Defendants have shown that the public disclosure of these Guidelines could pose a legitimate threat to the safety and security of BCCF. *See Easley v. Tritt*, No. 1:17-CV-930, 2020 WL 836695, at *9 (M.D. Pa. Feb. 20, 2020) (finding that prison policies "should remain confidential in the interests of prison safety and security").

It is thus **ORDERED** that Defendants' motion (Doc. No. 15) is **GRANTED**, and the protective order is **APPROVED**. Defendants shall produce the Bucks County Department of Corrections Standard Operating Procedures and Guidelines to Plaintiff's counsel pursuant to the protective order.

       **IT IS SO ORDERED.**

                                */s/ Karen Spencer Marston*
                                KAREN SPENCER MARSTON, J.