IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Valeria Corbin, Administrator of the Estate of Joshua Patterson | : | CIVIL ACTION |
| Plaintiff. | : | 23-cv-2784 |
| | : | |
| v. | : | |
| | : | |
| Bucks County, et al. | : | |
| Defendants | : | |

EXHIBIT B

**ORDER**

AND NOW, this ____ day of _____, 2024, Plaintiff's Emergency Motion to reopen discovery is GRANTED. The parties shall have 45 days to conduct discovery. A new scheduling Order pertaining to Summary Judgment pursuant to Fed. R. Civ. P. 56 shall be issued in the future.

_____
**Beetlestone, J.**

1

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Valeria Corbin, Administrator of the | : | CIVIL ACTION |
| Estate of Joshua Patterson | : | |
|     Plaintiff. | : | 23-cv-2784 |
| | : | |
| v. | : | |
| | : | |
| Bucks County, et al. | : | |
|     Defendants | : | |

## EMERGENCY MOTION

Plaintiff, Valeria Corbin by and through her undersigned legal counsel, Brian J. Zeiger, Esquire, comes now with an Emergency Motion as follows:

1. On May 30, 2024, Plaintiff's counsel was contacted by AK, who purported to be a supervisor at the Bucks County Correctional Facility.

2. AK told Plaintiff's counsel he had information regarding the instant matter and disclosed his true identity.

3. Plaintiff's counsel disclosed that there is an active protective order regarding this case and that counsel would be happy to listen to his story, but would not comment due to the protective order.

4. AK told Plaintiff's counsel he was a supervisor in the intake area at the time of the instant matter. The intake area was grossly understaffed. He complained to his supervisors the intake area was grossly understaffed. He said three offers were supposed to be stationed in the area at all times, but that only two were routinely staffed at intake during the time in question due to gross understaffing. Further, Defendant Ulmer should never have been called away from intake, leaving only one officer on duty at intake. Also, Defendant Ulmer should have locked the "dirty cell" after Rhoades was taken to be searched, and her not locking the door is in violation of BCCF policy. AK also mentioned various other

AK COB Docs 005717

facts pertaining to staffing, the incident, the investigation, and his complaints to his supervisors.

5. On May 31, 2024, Plaintiff's counsel contacted Defense counsel and disclosed the above information. Further, Plaintiff's counsel and Defense counsel had a meet and confer over the phone to discuss potential issues.

6. Plaintiff comes now and asks Your Honor to re-open discovery for an additional 45 days so AK can be deposed by all parties.

7. Further, Plaintiff asks Your Honor to stay the pending Summary Judgment Motion, allow Defendants 14 days after the new close of discovery to augment their Summary Judgment Motion, and allow Plaintiff 14 days after the Defendants file to file her own supplementation as she sees fit. Alternatively, Plaintiff asks your Honor to strike the pending Summary Judgment Motion as moot, and give a new full schedule to re-plead the Summary Judgement Motion.

8. Plaintiff's counsel asks for 45 days because he has a pending two-week family vacation outside of the United States followed by a seven-day trip to drop off one of his children for her freshman year in college.

9. The Defendants object generally to re-opening discovery.

10. The standard in this Circuit for late discovered evidence is whether:

    > (1) the prejudice or surprise in fact of the party against whom the [evidence is offered], (2) the ability of that party to cure the prejudice, (3) the extent to which [allowing late-offered evidence] would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

    *Meyers v. Pennypack Woods Home Ownership Assn*, 559 F.2d 894, 904 (3d Cir. 1977).

11. Further, under Rule 26, the Defendants have an ongoing duty to disclose evidence

AK COB Docs 005718

relevant to an open matter.

> Under Rule 26 of the Federal Rules of Civil Procedure, a party is required to supplement their discovery production only if "the additional or corrective information **has not** otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(2) (emphasis added).

*Thomas Betts Corp. v. Richards Manufacturing Company*, Civil Action No. 01-4677 (SRC), at *4-5 (D.N.J. May 15, 2006).

12. In the matter at the bar, AK contacted Plaintiff's counsel out of the blue, akin to a whistleblower. The Defendants, to Plaintiff's knowledge, have never disclosed any information regarding inadequate staffing or that Defendant Ulmer was in direction violation of a policy by not locking the "dirty cell" at intake during the instant matter. The Defendants have a duty to disclose the identity of this witness and to provide any information regarding the instant matter from this witness. Lastly, the facts Plaintiff seeks to discover all go directly to both objective and subject prongs of the analysis contained within Defendants' Motion for Summary Judgement.

13. Accordingly, Plaintiff asks her motion be granted.

                Respectfully Submitted,

                LEVIN & ZEIGER LLP

                BY: */s/* Brian J. Zeiger
                **BRIAN ZEIGER, ESQUIRE**
                Two Penn Center
                150 JFK Blvd.
                Ste. 620
                Philadelphia, PA 19102
                *Attorney for Plaintiff*

                Dated: August 28, 2023

AK COB Docs 005719

## CERTIFICATION OF SERVICE

I, Brian J. Zeiger Esquire, attorney for Plaintiff in this matter, hereby certify that the attached pleading was sent to Defendant, by way of counsel, via ecf, today.

                                                RESPECTFULLY SUBMITTED,

<u>May 31, 2024</u>                    <u>/s/Brian J. Zeiger</u>
DATE                           Brian J. Zeiger, Esquire
                                    ID No.: 87063
                                    LEVIN & ZEIGER, LLP
                                    TWO PENN CENTER
                                    1500 JFK BLVD STE 620
                                    Philadelphia, pa 19102
                                    215.825.5183
                                    zeiger@levinzeiger.com

AK COB Docs 005720