**EXHIBIT 32**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIA CORBIN, administrator of the ESTATE OF JOSHUA PATTERSON, | : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | Case No. 23-2784 |
| BUCKS COUNTY, et al., | : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

### STIPULATED PROTECTIVE ORDER  PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(C)

**WHEREAS,** Plaintiff Valeria Corbin, administrator of the Estate of Joshua Patterson, and Defendants Bucks County, David Kratz, James Coyne, Carl Metellus, David Galione, Kelly Reed, Zachary Sherman, Daniel Onisick, Julio Atiles, Stephanie Ulmer, Tony Dowdy, Joshua Manning, Louis Ventureira, and Kaitlyn McGinley, believe, and the Court has determined, that good cause exists for entry of this Stipulated Protective Order (the "Protective Order") during the course of discovery;

**WHEREAS,** the Parties to the above-captioned case may seek discovery of confidential, corrections-related information that has not been disseminated to the public at large;

**WHEREAS**, the Parties agree that public disclosure of such information would harm, impede, and adversely impact: (i) the safety, security, and privacy of inmates and staff at the Bucks County Correctional Facility ("BCCF"); and (ii) the five ongoing criminal investigations and prosecutions relating to the claims asserted in the above-captioned case;

**WHEREAS**, the Parties further believe that the entry of this Protective Order will help facilitate third-party discovery and address third-party concerns about the confidentiality of their information;

**WHEREAS,** the parties recognize that confidential information is being produced only for use in this civil action.

KIMBROUGH 0680

Accordingly, for good cause shown and in accordance with Federal Rule of Civil Procedure 26(c), it is hereby ORDERED:

1. **_Definitions_**. As used in this Protective Order, these terms have the following meanings:

    a) "Confidential Information" shall mean all information or Material produced for or disclosed in connection with this action to a Receiving Party that a Producing Party believes to contain or comprise confidential or sensitive information implicating the privacy, safety, and security of the Bucks County Correctional Facility, its staff, and its inmates, or any other information qualifying for protection under standards developed pursuant to Fed. R. Civ. P. 26(c), whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

    b) "Designating Party" shall mean a Party or Third Party that designates information or items that it produces in disclosures or in response to discovery as "Confidential Information" pursuant to this Protective Order.

    c) "Expert" shall mean a person with specialized knowledge or experience in a subject or issue pertinent to the litigation who has been retained by a Party to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party.

    d) "Material" shall mean all items or information, including from any Third Party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or disclosures in this case.

    e) "Counsel" shall mean (i) counsel who appear on the pleadings as counsel for a Party and (ii) staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

    f) "Party" shall mean any party to this action, including its retained Experts and Counsel.

2

KIMBROUGH 0681

g) "Policies and Procedures" shall mean the presiding judge's personal policies and procedures.

h) "Pre-Protective Order Deadline Termination" shall mean dismissal of the above-captioned case with prejudice, including all appeals, prior to the Protective Order Deadline.

i) "Privileged Material" shall mean information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity.

j) "Producing Party" shall mean the Party or Third Party that produces the Protected Material.

k) "Protected Material" shall mean Material designated by a Producing Party or Designating Party as Confidential Information.

l) "Protective Order Deadline" shall mean the summary judgment filing deadline set forth in the Court's September 6, 2023, Scheduling Order (ECF No. 13).

m) "Receiving Party" shall mean any Party who receives any Material.

n) "Requesting Party" shall mean any Party that seeks the disclosure of Protected Material.

o) "Third Party" shall mean any person or entity who is not a Party to this action.

p) "Vendor" shall mean persons or entities engaged by a Party to provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees.

2. ***Information Subject to this Protective Order.*** This Protective Order governs the use and handling of all Material designated as Protected Material pursuant to the provisions herein. This Protective Order protects all Material and all copies, excerpts, summaries, and compilations of such Material, as well as testimony, conversations, or presentations by the Parties in court or in other settings that might reveal Protected Material. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

3

KIMBROUGH 0682

3. ***Duration***.  In accordance with Federal Rule of Civil Procedure 26(c), this Protective Order shall govern the disclosure of information in the above-captioned matter through the Protective Order Deadline.

   a)   If this matter is terminated prior to the Protective Order Deadline, this Protective Order shall continue to govern until a Designating Party agrees otherwise in writing or a court order directs otherwise.  In this instance, unless otherwise ordered or agreed in writing by the Producing Party (and, if not the same person or entity, the Designating Party), within thirty (30) days after the Pre-Protective Order Deadline Termination of this action, each Receiving Party shall return all Protected Material to the Producing Party, or alternatively, with permission in writing from the Producing Party, destroy the Protected Material.  Whether Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty-day deadline that affirms that all Protected Material was returned or destroyed and that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney or consultant work product, even if such materials contain Protected Material.

4. ***Manner of Designation***.  The Producing Party may designate Protected Material subject to this Protective Order as follows:

   a)   <u>Reasonable Care in Designating Material for Protection.</u>  Each Party or Third Party that designates Material for protection under this Protective Order must take reasonable care to limit any such designation to specific Material that qualifies under the appropriate standards.  If it comes to a Party or Third Party's attention that Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Party or Third

KIMBROUGH 0683

Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

  b) <u>Timing of Designation</u>.  Except as otherwise provided in this Protective Order, or as otherwise stipulated and ordered, Material that qualifies for protection under this Protective Order must be clearly designated before the Material is disclosed or produced.

  c) <u>Designation of Confidential Information.</u>  A Producing Party may designate as "Confidential Information" all or any part of any discovery or other Materials produced or served in this action or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, deposition testimony, and responses to requests for admission, which contain Confidential Information as defined herein.  A Party or Third Party shall designate Material as Confidential Information by marking it prominently on its face with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – FILED UNDER SEAL" or an equivalent legend, as appropriate, when it is produced or provided to the Requesting Party.  Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.  If an entire multi-page document is to be treated as "Confidential Information," each page of such document should be marked.  In addition, each page of each document and each thing produced pursuant to discovery in this action shall bear a unique identifying number.

  d) <u>Designating Original Materials.</u>  In lieu of marking the original of a document that contains Protected Material prior to inspection, Counsel for the Producing Party may orally or in writing designate documents being produced for inspection as containing Confidential Information, thereby making them subject to this Protective Order; however, any copies of such documents must be marked by the Producing Party in accordance with Paragraph 4(c) at the time copies are provided.

  e) <u>Designating Testimony.</u>  Testimony or information disclosed at a deposition may be designated by a Party or Third Party as Confidential Information by indicating on the record at the

KIMBROUGH 0684

deposition the specific testimony that contains Confidential Information that is to be made subject to the provisions of this Protective Order. A Party or Third Party may designate as Confidential Information any testimony of its employees, agents, and representatives. Alternatively, a Party or Third Party may designate testimony or information disclosed at a deposition as Confidential Information by notifying the other Parties, in writing, within fourteen (14) calendar days of receipt of the final transcript of the deposition that the transcript is to be designated as Confidential Information. Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential Information from the taking of the deposition until fourteen calendar days after receipt of the final transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material, other than (i) the deponent, (ii) Counsel; (iii) the reporter, and (iv) the videographer (if any). Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

    f) <u>Designating Court Filings</u>. Any memoranda, pleadings, affidavits, or other papers served or filed with the Court prior to the Protective Order Deadline may be designated as Confidential Information by prominently marking the cover (near the caption to the extent practicable) with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – FILED UNDER SEAL" in the case of documents filed with the Court. The Party filing any memoranda,

KIMBROUGH 0685

pleadings, affidavits, or other papers including Protected Material is responsible for filing under seal at least the portions of the memoranda, pleadings, affidavits, or other papers including the Protected Material. If any Party fails to file Protected Material under seal, any Party to this action may request that the Court place the Protected Material under seal within thirty (30) days after the Protected Material was filed.

g) <u>Designating Summaries or Copies</u>. Any summary or copy containing Protected Material shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy was made.

h) <u>Inadvertent Failure to Designate.</u> The inadvertent or unintentional failure by a Producing Party to designate specific Materials as containing Protected Material shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality as to such Materials. Upon notice to the Receiving Party of such failure to designate, the Receiving Party shall (i) take all reasonable steps to retrieve the relevant Protected Material, including any summaries and/or notes related to the Protected Material, to the extent it has been disclosed to persons who would not be authorized to view it under Paragraph 5; and (ii) within seven days of receipt of properly marked substitute copies return any unmarked or improperly marked copies of the relevant Protected Material that are recovered to the Producing Party or certify in writing that any such copies have been destroyed.

5. *Access to and Use of Protected Material*

a) <u>Basic Principles</u>. Except upon the prior written consent of the Producing Party, or upon further order of this Court, Protected Material shall be treated strictly in accordance with the provisions of this Protective Order and may be used or disclosed only as specified in this Protective Order.

b) <u>Access to Confidential Information.</u> Access to any information marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – FILED UNDER SEAL" shall be limited to:

KIMBROUGH 0686

   i.  the Receiving Party's Counsel;

   ii.  Experts, provided that such disclosure is only to the extent necessary to perform such work; and provided that (a) such Expert has agreed to be bound by the provisions of the Protective Order by signing the "Agreement to Be Bound by Protective Order" (Exhibit A); and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

   iii.  the Court and its personnel;

   iv.  court reporters, their staff, and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

   v.  during their depositions, witnesses in the action to whom disclosure is reasonably necessary; and

   vi.  Vendors, but only to the extent necessary for the particular litigation support services being rendered for this action and in accordance with the vendor's ordinary operating procedure.

**6.** ***Challenging Confidentiality Designations***

  a) <u>Meet and Confer</u>.  Any Party may contest a claim of confidentiality.  Any Party objecting to the designation of any Material as Confidential Information must give Counsel for the Producing Party written notice of its reasons for the objection.  The Producing Party will then have ten (10) days after receipt of this notice to change the designation or to provide a written response explaining why the designation is appropriate.  Failing resolution after service of the written notice of its reasons for the objection, the Party objecting may seek an order changing or removing the designation by following the applicable rules and procedures governing discovery disputes in the Court's Policies and Procedures.  The Material designated as Confidential Information shall remain as

KIMBROUGH 0687

such until the matter is resolved by Court order or agreement of the Producing Party.

b) <u>No Waiver.</u> No Party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this action or any other action to the propriety of such designation.

7. *Use of Protected Material.*

a) Unless otherwise ordered by the Court, or agreed to in writing by the Producing Party, all Protected Material shall be held in confidence by each Receiving Party, shall be used only for purposes of this action, shall not be used in connection with any other actual or contemplated regulatory or legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

b) Materials designated as Confidential Information shall be disclosed only to qualified persons under the terms of Paragraph 5(b) of this Protective Order.

c) Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in questioning a witness at any deposition or hearing provided that the Protected Material is only disclosed to persons: (1) eligible to have access to the Protected Material under the terms of this Order; (2) eligible to have access to the Protected Material by virtue of his or her employment with the Producing Party; (3) whose name appears on the Protected Material, including being identified in the Protected Material as an author, addressee, or copy recipient of such information.

d) Nothing in this Protective Order shall be construed as preventing a Party or Third Party from using or continuing to use its own Protected Material.

e) If Protected Material is disclosed to anyone other than in a manner authorized by this Protective Order, the Party responsible for such disclosure must immediately bring all pertinent facts

KIMBROUGH 0688

relating to such disclosure to the attention of the Producing Party and make every reasonable effort to retrieve such Protected Material and to prevent further disclosure.

    f)    Nothing in this Protective Order shall be construed (i) as preventing a Party from using or continuing to use any information that is or becomes publicly known through no unauthorized act or omission of such a Party, or (ii) as preventing a Party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such a Party other than through discovery in this action.

**8.** *Effect of this Protective Order.* Entering into, agreeing to, producing, and/or receiving Protected Material or otherwise complying with the terms of this Protective Order shall not:

    a)    Operate as an admission to any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Protected Material;

    b)    Prejudice in any way the rights of any Party or Third Party to:

        i.    Object to the production of Materials it considers not subject to discovery;

        ii.    Object to the authenticity or admissibility into evidence of any document, testimony, or the evidence subject to this Protective Order;

        iii.    Seek a determination by the Court whether any Material or Protected Material should be subject to the terms of this Protective Order;

        iv.    Petition the Court for a further protective order relating to any purportedly Confidential Information;

        v.    Request another Party's permission to disclose or use particular Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order;

        vi.    Petition the Court for permission to disclose or use particular Confidential

KIMBROUGH 0689

      Information more broadly than would otherwise be permitted by the terms of this Protective Order;

   vii. Prevent any Producing Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Material designated as Confidential Information by that Party; or

   viii. Prevent disclosure beyond the terms of this Protective Order if the Producing Party consents in writing to such disclosure or if the Court orders such disclosure.

9. *Counseling of Clients; Privileged Material*

  a) Nothing in this Protective Order shall bar or otherwise restrict any Counsel from rendering advice to the Party-client with respect to this action, and in the course thereof, relying upon an examination of Confidential Information, provided, however, that in rendering such advice and in otherwise communication with the Party-client, the Counsel shall not disclose the Confidential Information, nor the source of any such information, to anyone not authorized to receive it pursuant to the terms of this Protective Order.

  b) Nothing in this Protective Order shall require production of information that a Party or Third Party contends is Privileged Material. If Privileged Material is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity. Upon becoming aware of the production of Privileged Material, the Producing Party must promptly notify the recipient(s) of such inadvertent production in writing. Upon receipt of such notice, the recipient(s) shall gather and destroy all copies of the claimed Privileged Material and certify that it has done so to the Producing Party.

  c) A Producing Party may produce a redacted version of information, documents, or tangible things that Counsel contend are protected from disclosure by the attorney-client privilege, the

11

attorney work-product immunity, or any other applicable privilege or immunity, identifying where the privileged or immune information was redacted with the designation "Redacted — Privileged."

10. *Notice*.

   a) Notice under this Protective Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court:

   For Plaintiff:

   Brian Zeiger
   LEVIN & ZEIGER LLP
   Two Penn Center
   1500 JFK Blvd, Suite 620
   Philadelphia, PA 19102
   E-Mail: Zeiger@levinzeiger.com

   For the County Defendants:

   Bucks County Law Department
   55 E. Court Street, Fifth Floor
   Doylestown, PA 18902
   E-Mail: Jgrieser@buckscounty.org; Tbburns@buckscounty.org

11. *Experts*. Prior to disclosing any Protected Material to any Expert pursuant to Paragraphs 5(b)(ii), the Expert must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties and Producing Parties (if not a Party).

12. *Protected Material Subpoenaed or Ordered Produced in Other Litigation*.

   a) Other Proceedings. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – FILED UNDER SEAL" pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to be heard on whether that information should be disclosed.

KIMBROUGH 0691

b)      If a Receiving Party is served with a subpoena or an order issued in other litigation or court proceedings that require disclosure of any information or items designated in this action as Confidential Information, the Receiving Party shall notify the Designating Party, in writing promptly and in no event more than four (4) days after receiving the subpoena or order but before the scheduled date for production. Such notification shall include a copy of the subpoena or court order.

c)      The Receiving Party shall also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other litigation or proceeding that caused the subpoena or order to issue.

d)      The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. Nothing in this Order shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

13. *Application to Third Parties.*  The terms of this Protective Order may be applied to the Materials produced by a Third Party. The Third Party must designate the Materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to this Protective Order. The Parties may not designate the Third Party's Materials on their own, unless a Party has a separate legal obligation to maintain such Materials as confidential.

14. *Miscellaneous*

a)      <u>No Contract</u>.  To the extent the Parties have agreed on the terms of this Protective Order, such stipulation is for the Court's consideration and approval as an order. The Parties' stipulation shall not be construed to create a contract between the Parties or their respective counsel.

KIMBROUGH 0692

b) <u>Disclosure or Modification by the Court</u>. The Court may order disclosure of any subject covered by this stipulated protective order or modify this stipulated protective order at any time in the interest of justice.

c) <u>Modification by Agreement</u>.  By agreeing to this Protective Order, no Party shall be deemed to have waived the right to modifications later sought by such Party. Nothing in this Protective Order shall limit the Parties' ability to stipulate to the receipt of Confidential Information by a particular individual, to the manner in which an individual may receive such information, or to modifications of deadlines required by this Protective Order.

d) <u>Effective Date</u>.  This Protective Order shall be effective on the date the Court issues its order, after which the Parties may produce Material and designate the Material as Confidential Information.

e) <u>No Prejudice</u>. This Protective Order is without prejudice to the right of any Party to seek relief or additional protection from this Court from any of the provisions provided herein.

f) <u>Storage of Protected Material</u>.  Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

*[Remainder of Page Intentionally Blank]*

Dated: October 23, 2023

| LEVIN & ZEIGER LLP | BUCKS COUNTY LAW DEPARTMENT |
|---|---|
| _/s/ Brian Zeiger_<br>By: Brian Zeiger<br><br>_Attorney for Plaintiff Valeria Corbin_ | _/s/ Jaclyn C. Grieser_<br>By: Jaclyn C. Grieser (No. 93358)<br>Deputy County Solicitor<br><br>_/s/ Tyler B. Burns_<br>By: Tyler B. Burns (No. 325660)<br>Assistant County Solicitor<br><br>_Attorneys for Defendants Bucks County, David Kratz, James Coyne, Carl Metellus, David Galione, Kelly Reed, Zachary Sherman, Daniel Onisick, Julio Atiles, Stephanie Ulmer, Tony Dowdy, Joshua Manning, Louis Ventureira, and Kaitlyn McGinley_ |

IT IS SO ORDERED this 26th day of October, 2023

    /s/WENDY BEETLESTONE, J.
The Honorable Wendy Beetlestone
United States District Court Judge

KIMBROUGH 0694

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of Pennsylvania on _____ [date] in the case of *Corbin v. Bucks County, et al.*, No. 23-2784 (E.D. Pa.). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

KIMBROUGH 0695